STATE OF CONNECTICUT *v.* CHARLES DAVIS

Decided February 16, 1959

*Charles Davis*, the defendant, pro se.

*Albert S. Bill*, state's attorney, for the state.

BY THE DIVISION. The defendant, age fifty-two, was convicted by the court of the crime of attempting to obtain money by false pretenses, second offender, and on October 24, 1958, was sentenced to the state prison for not less than one nor more than three years. The maximum penalty for an attempt to obtain money by false pretenses is a fine of $500 or imprisonment for not more than three years or both. Rev. 1958, §§ 54-198, 53-360. The maximum penalty for a second offender is a term not exceeding double the term provided by law for such offense. § 54-118.

On March 28, 1958, two checks forged by the defendant were cashed, and subsequently two other checks forged by the defendant were cashed. The checks had been taken, along with others and cash, from a New Britain establishment which had been recently broken into.

The defendant has a record between November 17, 1937, and January 11, 1958, of eighteen convictions

of crime and one acquittal. The offenses included carrying a pistol, assault and battery, frequenting a gaming house, breach of the peace, assault with a dangerous weapon, drunkenness, carrying a concealed weapon, theft, gambling, breaking and entering, forging and uttering a postal savings certificate, attempt to obtain money by false pretenses, violation of the state policy law, and attempted larceny by check. For the offense of forging and uttering a postal savings certificate, he received a sentence in New Haven, Connecticut, on April 8, 1952, of two years in the United States penitentiary at Lewisburg, Pennsylvania; and on the offense of attempt to obtain money by false pretenses, he received a sentence of eighteen months to three years in state prison on June 22, 1954, at Hartford.

The sentence in the present case is within the range of the penalty provided for a first rather than a second offender and is substantially less than previous sentences for either of two recent similar offenses recited above. Those factors, coupled with the defendant's serious criminal record, impels the conclusion that the sentence is inadequate. The Superior Court is directed to sentence the defendant to a term of not less than two nor more than five years in the state prison, commencing as of October 24, 1958.

Thim, Ryan and Alcorn, Js., participated in this decision.